**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Dan J. Day,** ) | **CASE NO. 1:11 CV 1288** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | <u>**Memorandum of Opinion and Order**</u> |
| **C.O. McConnegly, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

*Pro se* Plaintiff Dan J. Day filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Corrections Officer McConnegly, Corrections Officers John Does #1-8, Corrections Officer Nauss, Lieutenant Minard, Corrections Officer Lewis, Corrections Officer Nelson, Medical Administrator Alice Cain, Segregation Supervisor Sergeant Jerry Littleton, Unit 2 Supervisor Lieutenant Steve Page[1], Unit 1 Supervisor Lieutenant Keith Reese, Corrections Officer Stevens, and Warden Keith Smith. In the Complaint, Plaintiff alleges the Defendants used excessive force to extract him from his cell, denied him proper medical care, and placed him in segregation without a hearing. He seeks monetary and injunctive relief.

---

[1] Plaintiff lists this Defendant as "Lt. Steve Paige" in the case caption. In all other places in the Complaint, he refers to him as "Lt. Page." It appears that the first spelling was a typographical error.

**BACKGROUND**

Plaintiff indicates he was removed forcibly from his cell on August 7, 2010. He is a diabetic who reports several times each day to the medical department for blood testing and an insulin shot. On the day in question, he reported to the nurse that his legs were "bothering him all day" and he might need assistance getting to the clinic for his 8:00 p.m. blood sugar testing. ECF No. 1 at ¶ 18. He claims he was told to have the block officer call the clinic and an institutional ambulance would be sent for him. At 8:00 p.m., he informed Officer McConnegly of his problem, and explained what he had been told by the nurse. While Plaintiff waited in his cell for the transport to arrive, Officer Nauss came to his cell and attempted to get Plaintiff to walk to the clinic. Plaintiff refused and again asked for the institutional ambulance to be sent.

At 9:00 p.m., six corrections officers arrived at his cell, accompanied by Lieutenant Minard and Officer Nauss. He claims the six officers and Nauss lifted him from the table at which he was seated, and slammed him against the wall to be handcuffed. On Minard's orders, he was carried through the sally port. He states they met Corrections Officer Lewis who sprayed Plaintiff with mace. Plaintiff claims he could not walk on his own and Minard ordered the officers to drag Plaintiff to the clinic. He states John Does #1-6 began to carry the Plaintiff but "left the actual dragging to [Officer] Nelson and John Doe #7." ECF No. 1 at ¶ 28. He was brought to the clinic where his blood sugar was tested. He claims the nurse on duty did not treat him for exposure to mace. He was then taken to the segregation unit.

Plaintiff contends he was never charged with a violation or given a hearing. He states he was kept in segregation for approximately four days. On August 11, 2010, he was brought to Sergeant Littleton's office. Although Plaintiff was not formally charged with a rules violation, he

was asked how he pled. Plaintiff states he had done nothing wrong and pled "not guilty." Littleton then told him he had been found guilty and sentenced to time served in segregation. He was returned to the general population that day.

Plaintiff was placed in the education unit. He contends he received his high school diploma 38 years earlier and had no need for placement in that unit. He further objected to the assignment because inmates in that unit are not permitted to shower between 8:30 a.m. and 3:00 p.m. He states he was given a top bunk when he clearly had a bottom bunk pass. For the next 90 days, he requested to be moved to another unit. He states Lieutenant Page was unresponsive to his inquiries. He contends the placement was done in retaliation for his filing of "abuse of force" charges. ECF No. 1 at ¶ 38.

While Plaintiff was in the law library on October 19, 2010, Lieutenant Page authorized Plaintiff's cellmate to move to a different cell. In his place, Inmate Davis was assigned to share a cell with Plaintiff. Plaintiff contends he returned from the law library to find that many of his personal effects had been stolen by his former cellmate. Officer Stevens and John Doe # 8 completed a theft of property report. Plaintiff asked why he had not been notified of the cell change. The officers did not provide an answer.

Later in the week, Plaintiff returned from breakfast to find Davis and another inmate in his cell watching his television. Plaintiff asked them to leave and they refused. He indicates a violent altercation ensued. During the fight, Plaintiff twisted his ankle. He discovered two weeks later that it was fractured. He was sent to the Columbus Medical Center where his leg was placed in a cast. He was told he would require therapy to regain full use of it. He indicates the cast was removed on January 6, 2011. He contends the ankle is still stiff and sore. He has not received physical

therapy.

Plaintiff asserts claims under the Eighth and Fourteenth Amendments as well as under Ohio tort law. He contends McConnegly, Minard, Lewis, Nauss and John Does # 1-6 used excessive force to extract him from his cell. He claims Nelson and John Doe #7 used excessive force by dragging him to the medical department. He contends Minard, Page, Reese, and Cain failed to provide physical therapy for his ankle in violation of the Eighth Amendment. He asserts that Littleton and Page denied him due process when he was placed first into segregation and then in the education unit without a hearing. He contends placement in the education unit was retaliatory. He claims Minard, Lewis, Nelson, Nauss and John Does #1-7 committed the torts of assault and battery. Finally, Plaintiff asserts Cain was negligent in failing to pursue the proper treatment for his ankle. He asks this Court to order the prison to provide physical therapy with a medical expert, expunge his conduct record of disciplinary convictions, and award him unspecified monetary damages.

For the reasons that follow, Plaintiff's Eighth Amendment claim against McConnegly for use of excessive force, and his Eighth Amendment claims against Minard, Page, Reese, and Cain for failing to provide for physical therapy are dismissed. Plaintiff's due process claims against Littleton and Page are dismissed. Plaintiff fails to state a claim for retaliation against any of the Defendants and this claim is also dismissed. Because there are no claims asserted against Stevens, Smith, or John Doe #8, they are dismissed from this action. The case shall proceed on Plaintiff's Eighth Amendment claims for use of excessive force against Minard, Lewis, Nauss, Nelson, and John Does # 1-7, on his state law assault and battery claims against Minard, Lewis, Nauss, Nelson, and John Does #1-7, and on his state law claim of negligence against Cain.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

---

[2]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## **ANALYSIS**

### **I.     Eighth Amendment**

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison official acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

#### **A. Excessive Force**

Plaintiff first contends Minard, Lewis, Nauss, Nelson and John Does # 1-7 used excessive

-6-

force to extract him from his cell and take him to the medical department for his blood sugar check. The standard used to analyze "excessive force" claims under the Eighth Amendment requires the Court to determine whether the officers acted in a good faith effort to maintain or restore discipline, or whether they acted maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 8. That is not to suggest that every angry touch by a prison guard gives rise to a federal cause of action. Prison officials may often be required to use physical contact to insure prison security. *Id*. at 9. The physical contact will rise to the level of an Eighth Amendment violation only if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, the Plaintiff states a cause of action for use of excessive force. *Rhodes*, 452 U.S. at 345.

Plaintiff alleges Minard, Nauss, and John Does #1-6 grabbed his arms, pulled him up from the table, slammed him against the wall to be handcuffed, and then carried him out of his cell to the sally port to transport him to the medical department. He claims Minard approved and encouraged Lewis to spray Plaintiff with mace in the sally port area. He contends Nelson and John Doe #7 dragged Plaintiff from the sally port to the medical department. On the face of the Complaint, these allegations meet the pleading standards of Rule 8 to state a plausible claim for use of excessive force in violation of the Eighth Amendment.

Plaintiff also includes an excessive force claim against McConnegly. ECF No. 1 at 8, ¶ D. This claim does not meet the pleading standards of Rule 8. He states McConnegly came to his cell to escort him to the clinic for his 8:00 p.m. blood sugar check. He informed McConnegly of the problem he was experiencing with his legs and explained he had been told by the nurse to request an institution ambulance. He states McConnegly left his cell with this information. There are no

-7-

factual allegations against McConnegly in the Complaint that suggest he used any force against the Plaintiff or that he engaged in other conduct that could be considered to be an "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 103. The Eighth Amendment claim against McConnegly is dismissed.

### B. Medical Care

Plaintiff asserts Eighth Amendment claims against Minard, Page, Reese, and Cain for failing to provide for physical therapy after the cast was removed from his ankle. While denial of physical therapy may in some circumstances be an objectively serious deprivation to satisfy the first prong of the Eighth Amendment analysis, Plaintiff fails to show that his Eighth Amendment claims against these Defendants fulfil the subjective component.

In order to establish a claim for inadequate medical care under the Eighth Amendment, Plaintiff must demonstrate that the Defendants acted with deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Plaintiff, however, does not allege facts to suggest Minard, Page, or Reese played any affirmative role in approving or denying medical care. He cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent some indication that Minard, Page, or Reese personally participated in the decision to deny physical therapy, Plaintiff cannot establish the subjective element of this Eighth Amendment claim against them.

Although Plaintiff does allege that Medical Administrator Alice Cain was responsible for arranging physical therapy, he still fails to satisfy the subjective element of his Eighth Amendment

-8-

claim against her. An official acts with deliberate indifference when she "acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Plaintiff asserts only that Cain was negligent when she failed to secure physical therapy. This allegation alone is insufficient to support an Eighth Amendment claim.

## II.     State Law Claims

In addition, Plaintiff asserts state law tort claims for assault and battery against Minard, Lewis, Nauss, Nelson and John Does # 1-7. These claims are based on the same facts that supported his claims for use of excessive force under the Eighth Amendment. In Ohio, the tort of assault is defined as an unlawful threat or attempt to inflict an injury upon the person of another. *Woods v. Miamisburg City Schools*, 254 F.Supp.2d 868, 878 (S.D. Ohio 2003). The tort of battery occurs when a person intentionally commits a harmful or offensive contact. *Id.* Contact which is offensive to a reasonable sense of personal dignity is adequate to establish the tort of battery. *Id.* Because Plaintiff's allegations meet the pleading standard under the Eighth Amendment which requires a showing of "unnecessary and wanton infliction of pain," they also support state law claims for assault and battery which require only a showing of offensive contact.

Plaintiff also includes a claim for the tort of negligence against Cain. The subjective element of the tort of negligence is far less stringent than the subjective element of an Eighth Amendment constitutional claim. In order to recover on a negligence claim, Plaintiff must prove the Defendant owed him a duty of care, that the Defendant breached that duty, and that the breach

of the duty proximately caused the Plaintiff's injury. *Leizerman v. Kanous*, 910 N.E.2d 26, 28 (Ohio App. 6 Dist. 2009)(citing *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954))**.** A duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case. *Id*. While Plaintiff's allegations against Cain did not satisfy the more demanding subjective element of an Eighth Amendment claim, they are sufficient to state a claim for the tort of negligence.

### III.     Due Process

Plaintiff claims Littleton and Page did not provide him with a hearing before his placement in the segregation unit and then the education unit. He asserts this is a denial of due process.

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only deprivations of constitutionally protected interests which are conducted without due process are subject to suit under 42 U.S.C. §1983. *Id.*

As an initial step in this inquiry, the Court must determine whether Plaintiff was deprived of a constitutionally protected liberty interest. The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and

rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id*. at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221.

Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Sandin*, 515 U.S. at 484. Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement was considered to be "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life." *Sandin*, 515 U.S. at 487. Similarly, the Sixth Circuit Court of Appeals has held a prisoner's designation as a member of a security threat group did not give rise to a liberty interest. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir.2005). There is no indication Plaintiff was sanctioned with the loss of good time credits and his placement in segregation was for a period of only four days. While his placement in the education unit was for a longer period, Plaintiff's chief complaint about this unit was the restriction on the hours during which inmates are permitted to shower. Absent other allegations, neither of these placements imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

**IV.     Retaliation**

Plaintiff further alleges he was placed in the education unit in retaliation for filing a grievance for the use of excessive force. To state a prima facie case for retaliation, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff fails to satisfy these criteria.

Filing a grievance is protected conduct under the First Amendment. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001). To state a constitutional claim, however, Plaintiff must not only show he exercised this First Amendment right, but also must demonstrate that adverse actions were taken against him which were motivated, at least in part, by the grievances he filed. *Thaddeus-X*, 175 F.3d at 394. Plaintiff alleges he was transferred from segregation to the education unit of the prison. Generally, a transfer to another institution "does not constitute an adverse action since a transfer is merely an ordinary incident of prison life." *See Siggers–El v. Barlow*, 412 F.3d 693, 704 (6th Cir.2005). It follows then that a transfer from the more restricted segregation unit to a less restricted unit within the same prison also does not constitute an adverse action. He complains that the unit restricts shower times. Such an inconvenience is *de minimis* and not sufficient to establish an adverse action to support a constitutional claim. *See Id*. at 703.

The Sixth Circuit carved out an exception for transfer cases in which foreseeable, negative consequences "inextricably follow" from the transfer. *Id*. at 701–02. Consequences such as the prisoner's loss of his high-paying job or reduced ability to meet with his lawyer may be sufficient to render the transfer an adverse action. Plaintiff complains that MANCI is a large facility and the

education unit is not close to the dining hall or the medical department. Plaintiff was placed in segregation initially because he claimed he had difficulty walking to the medical department from his prior unit. There are no allegations in the Complaint that show his placement in the education unit was significantly more adverse than his placement prior to segregation.

Even if his transfer from segregation to the education unit were considered to be an adverse action that would deter a person of ordinary firmness from continuing to engage in protected conduct, his claim could not proceed against any of these Defendants. He does not indicate which of the Defendants, if any, made the decision to move him to that unit. To hold any of the Defendants liable, Plaintiff must show the Defendant was personally involved in the decision, and that this individual made the decision at least in part because of the grievance Plaintiff filed. *See Rizzo*, 423 U.S. at 371; *Thaddeus-X*, 175 F.3d at 394. A claim meets the pleading requirements of Rule 8 when the Plaintiff pleads sufficient facts to allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. The Plaintiff must show more than a sheer possibility that a Defendant has acted unlawfully. *Id.* When the Plaintiff includes facts that are "merely consistent with" a Defendant's liability, [but]...stops short of the line between possibility and plausibility of entitlement to relief," he has not stated a claim upon which relief may be granted. *Id*. Although Plaintiff names several Defendants who may have made this decision, he has not alleged facts to allow the Court to draw a reasonable inference that any of them is liable.

**V.     Failure to State a Claim**

Finally, there are no claims asserted against Unit 1 Supervisor Lieutenant Reese, Corrections Officer Stevens, John Doe #8 or MANCI Warden Keith Smith. Because Lieutenant

Reese and Warden Smith are both supervisors, it is possible Plaintiff may be attempting to hold them responsible for the actions of their employees. A supervisor cannot be held liable under § 1983 based upon a mere failure to act. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior to be sued. *Id.* Liability, therefore, must lie upon more than the right to control employees. *Id.* Plaintiff therefore must prove that Reese and Smith did more than play a passive role in the alleged violations or show mere tacit approval of the actions of other Defendants. *Id*. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their employees. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). The Complaint contains no allegations against these Defendants to suggest they were even aware of the incidents. He has not alleged facts to suggest they can be held personally liable in this action.

Plaintiff does not specify the legal claims he intends to assert against Stevens and John Doe #8. He states they wrote up the report on the theft of his personal property by his former cellmate. He does not indicate which federal or state claims arise from this action. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore

-14-

exhaustively all potential claims of a *pro se* Plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. The Court has already given Plaintiff's Complaint a very generous construction. The Court will not, however, speculate on other claims that could be asserted against a Defendant.

## **CONCLUSION**

Accordingly, Plaintiff's Eighth Amendment claim against McConnegly for use of excessive force, his Eighth Amendment claims against Minard, Page, Reese, and Cain for failing to provide for physical therapy, and his due process claims against Littleton and Page are dismissed. Plaintiff fails to state a claim for retaliation against any of the Defendants and this claim is also dismissed. Because there are no claims asserted against Stevens, Smith, or John Doe #8, they are dismissed from this action. The case shall proceed on Plaintiff's Eighth Amendment claims for use of excessive force against Minard, Lewis, Nauss, Nelson, and John Does # 1-7, on his state law claims for assault and battery against Minard, Lewis, Nauss, Nelson, and John Does #1-7, and on his state law claim of negligence against Cain. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the Defendants**.**

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/11/11