UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dan J. Day, | ) | CASE NO. 1:11 CV 1288 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| C.O. McConnegly, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion for Summary Judgment (Doc. 36). This is a § 1983 case brought by a *pro se* prisoner alleging excessive force. For the following reasons, the motion is GRANTED.

**Facts**

Seeking monetary and injunctive relief, *pro se* plaintiff Dan J. Day filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution (MANCI) Corrections Officer McConnegly, Corrections Officers John Does #1-8, Corrections Officer Nauss, Lieutenant Minard, Corrections Officer Lewis, Corrections Officer Nelson, Medical Administrator Alice Cain, Segregation Supervisor Sergeant Jerry Littleton, Unit 2 Supervisor Lieutenant Steve Page,

Unit 1 Supervisor Lieutenant Keith Reese, Corrections Officer Stevens, and Warden Keith Smith.[1]  Generally, the Complaint alleges that on August 7, 2010, defendants used excessive force to extract him from his cell, denied him proper medical care, and placed him in segregation without a hearing. By prior Memorandum of Opinion and Order, this Court dismissed all claims with the exception of the Eighth Amendment claims for use of excessive force against Minard, Lewis, Nauss, and Nelson; the state law claims for assault and battery against Minard, Lewis, Nauss, and Nelson; and the state law claim of negligence against Cain.

This matter is now before the Court upon defendants' Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

---

[1]  Because plaintiff has not identified the John Does, they will not be discussed further.

nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Defendants move for summary judgment on various bases.  Plaintiff has opposed the motion.  For the following reasons, the Court finds that summary judgment is appropriate on the

remaining claims.

**(1) Exhaustion**

Defendants argue that dismissal is warranted because plaintiff failed to exhaust his administrative remedies. For the following reasons, this Court agrees.

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), "[p]risoners must exhaust their administrative remedies before challenging prison conditions." *Hall v. Warren,* 443 Fed.Appx. 99 (6th Cir. 2011) (citing *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir.2008)). *See also Solomon v. Michigan Dept. of Corrections,* 2012 WL 1522932 (6th Cir. May 1, 2012) (citations omitted) (Exhaustion is mandatory and a prisoner is required to properly exhaust his administrative remedies prior to filing a § 1983 claim in federal court.) The exhaustion requirement applies to the filing of § 1983 claims and any other actions based on a Federal law. *Napier v. Laurel County, Ky.,* 636 F.3d 218 (6th Cir. 2011)

Furthermore, "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* (citing *Jones v. Bock*, 549 U.S. 199 (2007)); *Peterson v. Cooper,* 2012 WL 573954 (6th Cir. Feb. 23, 2012). Proper exhaustion is required which "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...." *Id*. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 95; *Richmond v. Settles,* 450 Fed.Appx. 448 (6th Cir. 2011)**.**

Paul Shoemaker, Assistant Chief Inspector for the Ohio Department of Rehabilitation and Correction (ODRC), sets forth the applicable procedure.  (Doc. 36 Ex. A) ODRC maintains an inmate grievance procedure that is available to all inmates as provided in Ohio Admin. Code (OAC) 5120-9-31(D)  This procedure allows inmates to seek relief regarding any aspect of institutional life that directly and personally affects the grievant.  The procedure is comprised of three consecutive steps.  *See* OAC 5120-9-31(K) Under step one, the inmate submits an informal complaint to the direct supervisor of the staff member or the department most directly responsible over the subject matter concerning the inmate within 14 calendar days of the date of the event giving rise to the complaint.  If the inmate is unsatisfied with the results, the inmate proceeds to step two by filing a formal grievance with the inspector of institutional services at the prison where he is confined no later than 14 calendar days from the date of the informal complaint response.  That inspector will investigate the matter and issue a written response to the inmate's grievance.  If the inmate is still unsatisfied, the inmate must proceed to the third step which is an appeal to the Office of the Chief Inspector of ODRC.  This appeal must be filed within 14 days of the date of the disposition of the grievance.  Where an inmate alleges misconduct on the part of the warden or inspector of institutional services at the prison, the inmate may initiate a grievance directly with the Office of the Chief Inspector within 30 calendar days of the event giving rise to the complaint.  In a direct grievance, there is no appeal.  All inmates are given written and oral instructions on how to use the inmate grievance procedure. (*Id.*)

According to Shoemaker, plaintiff submitted an Informal Complaint Resolution, based on the events of August 7, 2010, directly to Captain Scott against Lt. Dennis Minard and several

5

unnamed officers dated August 17, 2010. Captain Scott responded on September 11, 2010. Plaintiff later filed a Notification of Grievance on November 9, 2010, concerning the events of August 7, 2010. The Disposition of Grievance was returned on November 16, 2010, stating that the grievance was denied because it was not made within the required time limits, i.e., 14 calendar days from the date of the informal complaint response. Specifically, the Disposition of Grievance states that the grievance was filed more than two months after Captain Scott's response to the informal complaint.[2] Plaintiff then filed an Appeal to the Chief Inspector on November 23, 2010, which was answered on February 4, 2011. The decision was affirmed. (*Id.*)

Based on Shoemaker's declaration, defendants assert that because plaintiff's grievance against Minard was untimely and he failed to file any grievances against Nauss, Lewis, Nelson, or Cain, plaintiff failed to exhaust his administrative remedies.

Plaintiff opposed the motion, but failed to address the issue of exhaustion. Therefore, the undisputed facts presented by defendants establish that plaintiff failed to properly exhaust his administrative remedies given that his Notification of Grievance was not timely and he failed to file any grievance against some of the defendants. On this basis, plaintiff's § 1983 excessive force claim is dismissed.[3]

---

[2] The grievance was actually filed slightly less than two months after the informal complaint response, but nevertheless was untimely.

[3] Defendants also move for summary judgment on the merits of the excessive force claim asserted against Minard, Lewis, Nauss, and Nelson. The Court need not reach this argument given that plaintiff failed to properly exhaust his § 1983 claim. If it were to reach the merits of this claim, the Court is not convinced that summary judgment would be appropriately entered as to these defendants with the exception of Nauss whose conduct does not amount to excessive force.

Defendants submit declarations stating their version of the events which recount

6

**(2) Eleventh Amendment**

Plaintiff sues defendants Minard and Cain in their individual as well as official capacities.  However, MANCI is a prison facility under the control of the ODRC.  The ODRC, as a state agency, is immune from suits for damages pursuant to the Eleventh Amendment.  *See Brown v. Imboden*, 2011 WL 3704952 (N.D.Ohio August 23, 2011) (citations omitted). An official capacity damages action against a state officer is the equivalent of a damages liability litigation targeted against the state itself. *Turnage v. Wilkinson*, 2005 WL 2978719 (N.D.Ohio October 11, 2005) (citations omitted).

The official capacity claims against Minard and Cain are dismissed on this basis.

**(3) Immunity as to State Law Claims**

Defendants assert that the state law claims of assault and battery and negligence are

---

plaintiff's refusal to walk to the pill call clinic and his resistance to "cuff up" which resulted in a short burst of O.C. spray, but no observable or visible injuries.

Plaintiff submits his own declaration which states that he was grabbed and snatched up from a table, handcuffed, slammed against a wall, sprayed at close range, and dragged to the clinic.  The skin and hair was burned "right off" plaintiff's face, his right eye damaged, and he received "bruises and abrasions to [his] legs and torso, muscle trauma, injury especially to [his] lower back..."

The Medical Exam Report, completed by the nurse at the clinic on August 7, 2010, states that plaintiff indicated, "I got sprayed," and that there was burning and redness to plaintiff's face and eyes, but that no other injuries were noted. As treatment, plaintiff was placed in front of a fan and his eyes wiped.  (Doc. 36 Ex. E-2y)

Defendants assert that plaintiff suffered no more than a *de minimus* injury. Based on the conflicting evidence regarding plaintiff's injuries, however, the Court would not be able to conclude that there is an absence of a genuine issue of material fact.

7

barred by the doctrine of immunity. Plaintiff does not address this argument. For the following reasons, the Court agrees with defendants.

"Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in [Ohio] Revised Code section 9.86." *Haynes v. Marshall,* 887 F.2d 700 (6th Cir. 1989) "Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities. In that regard, the only recognized cause of action lies, initially, against the State of Ohio in the Court of Claims." *Id.* (citing O.R.C. § 2743.02(F)) *See also Rutherford v. Lamneck,* 2012 WL 1598905 (S.D.Ohio May 7, 2012) (Ohio inmate could not pursue his state law assault and battery claims without first obtaining a determination from the Ohio Court of Claims that defendants were amenable to suit.)

There is no indication that the Ohio Court of Claims has made any determination. On this basis, the state law claims are dismissed.

**Conclusion**

For the foregoing reasons, defendants' Motion for Summary Judgment is granted.[4]

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 8/10/12

---

[4] To the extent plaintiff's brief in opposition requests additional discovery or asserts that defendants failed to respond to discovery requests, those arguments are rejected for the reasons stated by defendants in their reply brief.

8